NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CECELIA AGABITI, | |
| Plaintiff, | Civil Action No. 13-cv-4499 (JAP) |
| v. | **OPINION** |
| HOME DEPOT CORPORATION, UNKNOWN ASSAILANT, SEDGWICK INSURANCE, | |
| Defendants. | |

PISANO, District Judge

Presently before the Court are Defendant, Home Depot U.S.A., Inc.'s ("Defendant" or "Home Depot") motions to dismiss Plaintiff, Cecelia Agabiti's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #25 and #57], Plaintiff's motion to file indictable charges against Defendant's attorneys [docket #55], and Defendant's motion to bar Plaintiff from filing defamatory or harassing communications [docket #56]. The parties oppose these respective motions. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, this Court GRANTS Defendant's motions to dismiss [docket #25 and #57], and DENIES, without prejudice, Plaintiff's motion to file indictable charges against Defendant's attorneys [docket #55] and Defendant's motion to bar Plaintiff from filing defamatory or harassing communications [docket #56] as these motions are now moot.

**I.   BACKGROUND**

Plaintiff's *pro se* Complaint, received by the Court on July 25, 2013 [docket #1] arguably consists of one (1) cause of action for negligence. The claim in Plaintiff's Complaint suffers from vagueness and ambiguity that makes it difficult to discern its legal basis. The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

Plaintiff's claim arises out of an incident that occurred at Home Depot in Hamilton Township, New Jersey, on August 27, 2011. Complaint ("Compl."), at p. 1. Plaintiff was in the Defendant's store standing at a table in the main aisle when she was hit in the left leg by a flat-bed metal cart being pushed by an unknown consumer, causing her to fall and land on her right shoulder. Compl., at p. 2. Plaintiff alleges that she suffered a communicated [sic] fracture of the humerus bone in her upper right shoulder, a sprained left ankle, and bruises and abrasions on her arms and legs. Compl., at pp. 2-3. After Plaintiff fell, a Home Depot employee asked her for emergency contact information and assured Plaintiff that an ambulance was on its way. Compl., at p. 2. Plaintiff alleges that, despite being in close proximity to the unknown consumer who hit her with the cart, Defendant's employee failed to ask the customer for his identification and let him leave the store. Compl., at pp. 2-3.

Subsequent to the accident, Plaintiff was transported to Robert Wood Johnson University Hospital where she was treated for her injuries. Compl., at p. 3. Thereafter, Plaintiff visited Doctor Joshua Hornstein, an orthopedic doctor who prescribed physical therapy for Plaintiff's shoulder. Compl., at p. 4. However, Plaintiff did not have health insurance and alleges that her attorney at the time failed to challenge the rehab center or Sedgwick Insurance[1] to ensure that she would receive the proper treatment. Compl., at p. 4. Thereafter, Plaintiff filed this lawsuit.

---

[1] According to Plaintiff's Civil Case Information Statement, Sedgwick Insurance is Home Depot's primary insurance company.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). This Court is mindful, however, that the

sufficiency of a *pro se* pleading must be construed liberally in favor of Plaintiff. See *Erickson v. Pardus*, 551 U.S. 89, 94-95 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000).

### b. Analysis

It is axiomatic that a claim for negligence is comprised of four (4) essential elements: (1) duty of care; (2) a breach of that duty; (3) proximate cause; and (4) damages suffered by the plaintiff. *Filipowicz v. Diletto*, 350 N.J. Super. 552, 558, 796 A.2d 296, 299 (App. Div. 2002). Stated differently, "a cause of action founded in negligence involves a breach of a duty of care that causes injury." *Weinberg v. Dinger*, 106 N.J. 469, 484, 524 A.2d 366, 373 (1987). Further, a plaintiff seeking to recover for another's negligence has the burden of proving that the Defendant's negligence was a factor in causing the loss. *Fortugno Realty Co. v. Schiavone-Bonomo Corp.*, 39 N.J. 382, 393, 189 A.2d 7, 13 (1963); *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 74 (1996) (citing *Long v. Landy*, 35 N.J. 44, 171 A.2d 1, 6 (1961) and *Hansen v. Eagle-Pitcher Lead Co.*, 8 N.J. 133, 84 A.2d 281, 284 (1951)).

Even after taking into account Plaintiff's *pro se* status and reading the Complaint liberally, the Court finds that Plaintiff's pleadings lack a "short and plain statement" of the grounds for her negligence claim and fail to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678. Plaintiff's pleading contains mostly allegations surrounding the nature and extent of her injuries, the treatment she received, and the pain she continues to experience thereafter. Importantly, however, nowhere in Plaintiff's Complaint is a statement indicating that Home Depot acted or failed to act in accordance with any duty owed to Plaintiff. Merely stating that

Defendant's employee failed to ask the unknown customer for his identification after the incident hardly establishes plausibility that Home Depot was negligent or breached any duty owed to Plaintiff. As such, Plaintiff's Complaint fails to provide Home Depot with fair or adequate notice of the claims against it or establish that Plaintiff is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2). Accordingly, the Court finds that the deficiencies in Plaintiff's pleading warrant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

### III. CONCLUSION

For the foregoing reasons, Home Depot's motions to dismiss [docket #25 and #57] are GRANTED and Plaintiff's Complaint is DISMISSED, without prejudice. Plaintiff shall have thirty (30) days from the date of entry of the Order accompanying this Opinion to file an amended complaint that contains a "short and plaint statement of the claim" showing she is entitled to relief as required by Federal Rule of Civil Procedure 8(a). Further, Plaintiff's motion to file indictable charges against Defendant's attorneys [docket #55] and Defendant's motion to bar Plaintiff from filing defamatory or harassing communications[3] [docket #56] are DENIED, without prejudice, as these motions are now moot. An appropriate Order accompanies this Opinion.

Date: September 9, 2014                    /s/ Joel A. Pisano
                                           JOEL A. PISANO
                                           United States District Judge

---

[2] Plaintiff also asserts a claim against Sedgwick Insurance, who is allegedly Home Depot's primary insurance carrier. Plaintiff merely states that Sedgwick Insurance failed to ensure that she received the proper treatment for her injuries. It does not appear that Sedgwick Insurance has entered a notice of appearance or participated in this action. In any event, given that Plaintiff has failed to state a plausible claim as against Home Depot, there can be no obligation to indemnify on the part of its carrier. See *Garden State Fire & Cas. Co. v. Commercial Union Ins. Co.*, 176 N.J. Super. 301, 307, 422 A.2d 1327, 1331 (App. Div. 1980). As such, Plaintiff's claim against Sedgwick Insurance must also be dismissed.

[3] To the extent that Plaintiff files an amended Complaint within thirty (30) days from entry of this Order and Defendant renews its motion to bar Plaintiff from filing defamatory or harassing communications, the Court urges Defendant to review Federal Rule of Civil Procedure 11 prior to renewing its motion, as the Rule applies to *pro se* parties and appears to encompass the recourse Defendant is seeking.