UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CECELIA AGABITI,** | Civil Action No. 13-4499 (AET)(LHG) |
| Plaintiff, | |
| v. | |
| **HOME DEPOT CORPORATION,** *et al.,* | **REPORT & RECOMMENDATION** |
| Defendants. | |

This matter has been opened to the Court by motion filed by Defendant, Home Depot Corporation ("Defendant" or "Home Depot") on March 16, 2015, seeking an order dismissing the Complaint for failure to provide discovery (the "Motion"). [Docket Entry No. 76]. Plaintiff Cecelia Agabiti ("Plaintiff" or "Dr. Agabiti") filed an opposition on or about April 20, 2015 (the "Opposition") [Docket Entry No. 77]. Defendant filed a reply on April 23, 2015 (the "Reply") [Docket Entry No. 78]. The undersigned considered the motion on the papers, without oral argument, pursuant to FED. R. CIV. P. 78. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On or about May 16, 2013, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Mercer County (the "Complaint"). [Docket Entry No. 1-3]. The Complaint, which was filed *pro se*, alleges that on August 27, 2011, Dr. Agabiti went to the Home Depot store in Hamilton, NJ, shortly before Hurricane Irene was scheduled to reach New Jersey. Complaint at 1. Dr. Agabiti alleges that, while at the store, she was hit by a flat-bed shopping cart being pushed by a stranger, causing a serious and permanent injury, including the fracture of her right shoulder. Complaint at 2.

After being advised by Dr. Agabiti that "her damages are 'in the millions,'" Home Depot removed the action to this Court on July 25, 2013 [Docket Entry No. 1], and filed an Answer on August 1, 2013.  [Docket Entry No. 3].  Dr. Agabiti sought to have the case remanded [Docket Entry No. 5], arguing that the removal was without basis and was in fact "just an attempt of [the Hill Wallach] law firm to impede the progress of the case."  The request to remand was denied. [Docket Entry No. 6].

Since that time, the undersigned has managed this case and attempted to bring the parties to the point where they could file dispositive motions on the merits or prepare for trial. Throughout the case, Dr. Agabiti has refused to provide even basic discovery and has repeatedly tried to make the case about issues that are not before the Court.  She has refused to adhere to discovery orders or schedules, even those schedules which were set with Dr. Agabiti's own participation.  Because of the significant sanction being sought, the undersigned believes it necessary to review the history of the case in some detail, at least insofar as it pertains to the discovery at issue and Plaintiff's conduct in this case.

Much of Plaintiff's conduct relates to her belief that the Hill Wallack firm has behaved improperly and should be sanctioned.  Plaintiff's letter seeking a remand was the first but not the last time she accused Home Depot's counsel of abusing the rules or acting unethically.  By letter dated September 30, 2013, and filed on the docket on October 1, 2013 [Docket Entry No. 8] (the "October 1 Letter"), Plaintiff asked the Court to sanction the firm and remove it from the case for harassment and for supplying false evidence of Home Depot employee statements with regard to

the events surrounding her alleged injury. [Docket Entry No. 8].[1] At that time, Dr. Agabiti also asked that the Order requiring the submission of a joint discovery plan prior to the initial scheduling conference be rescinded. *Id*. By letter order dated October 3, 2013 (the "October 3 Letter Order"), the undersigned advised that the requests would be addressed at the initial conference, and that attendance was mandatory.

Home Depot responded to the October 1 Letter on October 10, 2013 (the "October 10 Letter Brief"). [Docket Entry No. 10]. In the October 10 Letter Brief, Home Depot set forth its efforts to obtain discovery from Dr. Agabiti and also to provide her with the information she was requesting. In particular, Home Depot acknowledged that it had a video of the incident at issue and would make it available to her upon her entering into a Protective Order, such that the locations of their surveillance cameras would remain confidential. October 10 Letter Brief at 2–3. The October 10 Letter Brief also addressed discovery served on Dr. Agabiti, including requests that were served prior to the removal, and noted that although Home Depot had served Rule 26 disclosures on September 17, 2013, as of that date, Plaintiff had not served hers.

In the interim, Home Depot served a notice of deposition on Dr. Agabiti, scheduling her deposition to take place on November 20, 2013. [Docket Entry No. 13]. By letter dated November 8, 2013 to Home Depot's counsel [Docket Entry No. 13], and copied to the Court, Dr.

---

[1] Plaintiff has repeatedly asked the Court to sanction Home Depot's attorneys, accusing them of unethical behavior, engaging in a conspiracy with her prior attorney, and of creating a "bogus" video of the incident in question. These requests led to Plaintiff's motion asking the Court to "file indictable charges" against the firm [Docket Entry No. 55], which led Home Depot to file its own motion seeking to bar Dr. Agabiti from making defamatory statements. [Docket Entry No. 56]. Dr. Agabiti has submitted no evidence in support of these claims. Both motions were dismissed as moot in the decision granting the first motion to dismiss [Docket Entry. Nos. 56, 60], and were not renewed after the case was re-opened. Most recently, however, Dr. Agabiti wrote to the Chief Judge of this district, accusing Home Depot's attorneys of fraud. She again asked that indictable criminal charges be brought against the individual attorney and paralegal and that they both be disbarred. [Docket Entry No. 79]. She also asked that the undersigned be removed from the case for having allowed the "outrageous, unethical, illegal conduct of the Hill Wallack attorneys," and for believing that it is appropriate to engage in case management. *Id*. Home Depot responded, again pointing to its frustrated attempts to obtain discovery and the pending motion to dismiss. [Docket Entry No. 80].

Agabiti informed Home Depot that "that won't be occurring." She advised that she would instead rely on her statement of the accident at issue.

After a number of adjournments, the undersigned conducted an in-person initial conference on the record on January 2, 2014. During the conference, a schedule was set with the participation of both Dr. Agabiti and counsel for Home Depot. The schedule included dates for the exchange of drafts of a Discovery Confidentiality Order ("DCO"); the parties were instructed to notify the Court by January 19, 2014 if they could not agree on the form or entry of the DCO. The Court also set a staggered discovery schedule in light of Dr. Agabiti's *pro se* status. Home Depot was instructed to serve written discovery requests by January 10, 2014, and Dr. Agabiti was instructed to serve her requests by January 17, 2014; both parties were ordered to respond to written requests within 30 days. All fact discovery was scheduled to be completed by March 31, 2014, after which the parties were to engage in expert discovery. The schedule was confirmed in an Order entered on the docket on January 9, 2014 (the "January 9 Order"). [Docket Entry No. 19].

Home Depot served its requests on January 9, 2014. Certification of Suzanne M. Marasco, Esq., in Support of Motion to Dismiss Plaintiff's Complaint ("Marasco Cert.") ¶7 and Exhibit E [Docket Entry No. 76-2]. Among the requests were HIPAA authorizations, as well as a Demand for Medicare Information. Plaintiff requested and received an extension to January 20, 2014 to serve her discovery requests. [Docket Entry Nos. 20, 21]. She later sent a letter to the Court indicating that she had served them on February 6, 2014. [Docket Entry No. 27]; *see also* Marasco Cert. ¶10. Her responses to Home Depot's requests were due on February 9, 2014 but were not timely served despite the Court ordered schedule. *See* Docket Entry No. 19; *see also* Marasco Cert. ¶11.

4

By letter order dated January 30, 2014, the Court noted that the parties had not reported on the status of the negotiation of a DCO nor had they submitted one for entry on the docket. Accordingly, the undersigned gave them until February 10, 2014 to comply with their obligations with regard to the DCO.  [Docket Entry No. 22].  That letter order also scheduled a telephonic status conference for the Court to address various pending issues.  *Id*.  In response, Home Depot advised the Court that a proposed DCO had been forwarded to Dr. Agabiti on January 9, 2014; Dr. Agabiti had neither signed it nor had she voiced any objection.  [Docket Entry No. 23].

During the March 4, 2014 conference, which was conducted on the record, Dr. Agabiti insisted that Home Depot and its counsel were lying to her and to the Court.  She further acknowledged that she had refused to sign the DCO but articulated no valid basis for her refusal. Home Depot refused to produce the video of the incident in question without the protection of a DCO, given its position that the locations of its security cameras were confidential.  Ultimately, the undersigned found that the DCO contained nothing inappropriate and should be entered, particularly in light of the need for protection of Dr. Agabiti's own confidential medical records. Home Depot's attorney was instructed to submit the DCO and supporting certification by March 7, 2014.   The Discovery Confidentiality Order was signed by the Court and entered on the docket on March 13, 2014.  [Docket Entry No. 35].

Although she had been ordered to respond to Home Depot's requests by February 9, 2014, a date set with her participation, Plaintiff had not yet responded at the time of the March 4 conference.  Marasco Cert. ¶¶11-12.  Instead, she objected to the questions asked, particularly with regard to whether she was receiving Medicare assistance.  The undersigned ordered her to respond by March 18, 2014.  *See* Order entered on March 6, 2014 ("March 6 Order").  [Docket Entry No. 30].

5

By letter dated March 28, 2014, Home Depot advised the Court that Dr. Agabiti still had not responded to the outstanding discovery requests served on January 9, 2014.  Home Depot sought leave to move to dismiss the Complaint.  [Docket Entry No. 40]; Marasco Cert. ¶14.

To address the outstanding discovery issues, the Court conducted yet another conference by telephone on the record on April 16, 2014.   The Court had just received a copy of Dr. Agabiti's discovery responses but defense counsel had not.  Plaintiff indicated a set had been sent to counsel, who promised to review it as soon as it was received.  The parties were instructed not to commence depositions until a decision on the then-pending motion to dismiss the Complaint was issued.

In a letter dated May 15, 2014 (the "May 15 Letter"), Dr. Agabiti advised the Court that she objected to having to provide her medical records or HIPAA authorizations to defense counsel because that information was protected by law.  [Docket Entry No. 49].   In response, counsel for Home Depot asked the Court to allow them to file a motion to bar Plaintiff from continuing to make defamatory statements about her firm.  [Docket Entry No. 51].  By text order, the Court scheduled a conference to be conducted on the record via telephone on June 17, 2014. During the June 17 conference, Dr. Agabiti repeated her refusal to provide Defendant with her medical records.  She accused Home Depot and its attorneys of collusion with her prior counsel and of having doctored the videotape of the incident in question.  In response, Home Depot's attorney asked for leave to file a motion to compel discovery and for sanctions.  At the end of the call, the undersigned concluded that the requests needed to filed by way of formal motion and authorized both parties to file any such motions to compel discovery or for sanctions by no later than July 11, 2014.  *See* Order dated July 7, 2014 [Docket Entry No. 54].

On July 9, 2014, Dr. Agabiti filed a document entitled "Motion to File Indictable Charges Against Hill Wallack, Attorneys at Law and their client The Home Depot Corporation in their

attempt to perpetrate fraud in this litigation." [Docket Entry No. 55]. Defendant, in turn, filed a "Motion to Bar Plaintiff from Filing Defamatory and/or Harassing Communications about or Against Defendant Home Depot, Hill Wallack LLP and/or Suzanne M. Marasco, Esq." on July 11, 2014. [Docket Entry No. 56]. On the same day, Home Depot also filed a motion to dismiss the Complaint, or in the alternative, to compel the production of discovery. [Docket Entry No. 57]. Home Depot filed opposition to Plaintiff's motion on July 21, 2014. [Docket Entry No. 58], but Plaintiff did not oppose either of Home Depot's motions.

In the meanwhile, Home Depot had filed a motion to dismiss the case for failure to state a claim. [Docket Entry No. 25]. Dr. Agabiti opposed that motion. [*See* Docket Entry Nos. 27, 31, 47]. On September 9, 2014, the Honorable Joel A. Pisano, U.S.D.J., granted Home Depot's motion to dismiss for failure to state a claim. [Docket Entry Nos. 59, 60]. In so doing, Judge Pisano gave Plaintiff the opportunity to amend the complaint within 30 days to reopen the case. Because the case was closed with the grant of the dismissal, the pending motions were denied as moot. [Docket Entry No. 60].

Dr. Agabiti filed an Amended Complaint in accordance with Judge Pisano's ruling on October 6, 2014. [Docket Entry No. 61]. Home Depot answered on October 16, 2014. [Docket Entry No. 62]. The case was then reopened.

By letter dated October 17, 2014, Home Depot sought leave to refile the motions to bar further defamatory statements and to dismiss for failure to engage in discovery, as well as a new motion to dismiss for failure to state a claim. [Docket Entry No. 63].

By text order placed on the docket on October 23, 2014, the parties were notified of a conference call scheduled to take place on November 12, 2014. A copy of the text order was mailed to Plaintiff, as is typically done for *pro se* parties. Nonetheless, Dr. Agabiti did not appear

for the call.  Home Depot's counsel advised on the record that she had attempted to reach Dr. Agabiti for the call but had been unable to do so.

The Court rescheduled the conference to take place on December 4, 2014 by way of a Letter Order advising Dr. Agabiti that her failure to appear would put her at risk of sanctions, including possible dismissal of the case.  [Docket Entry No. 65].  Dr. Agabiti wrote to the Court on December 3, 2014, asking that the conference be cancelled, and stating that "I won't participate in the scheduled telephone conference of December 4, 2014 at 3:00 p.m.  These telephone conferences are unproductive.  This lawsuit needs to proceed as such, a lawsuit." [Docket Entry No. 67].  In response, the Court issued a Letter Order dated December 3, 2014, reminding Plaintiff of her obligation to comply with the Order to appear for the conference, and that the failure to do so could subject her to sanctions.  [Docket Entry No. 68].  Nonetheless, Dr. Agabiti did not appear for the December 4 conference.  Accordingly, the undersigned issued an Order to Show Cause why the matter should not be dismissed due to Plaintiff's failure to comply with the Court Orders.  [Docket Entry No. 69].  The hearing on the Order to Show Cause was set for December 18, 2014.

Dr. Agabiti appeared for the return date of the Order to Show Cause on December 18, as did counsel for Home Depot.  The Court conducted the hearing on the record, during which both parties argued about the status of discovery.  Ultimately, the undersigned set a schedule for the parties to address alleged discovery deficiencies, provide more complete responses, and file motions if they still felt the responses were inadequate.  Each side was ordered to serve deficiency letters by no later than January 9, 2015, with responses due by January 30, 2015.  Any discovery motions or motions seeking sanctions were to be filed by February 20, 2015.  *See* Order dated December 23, 2014 (the "December 23 Order").  [Docket Entry No. 72].

On January 9, 2015, Dr. Agabiti wrote to Judge Pisano, objecting to the fact that "Judge Goodman wants to manage this case," stating that "[t]hat's unacceptable….This case isn't a case management matter.  It is a lawsuit against the corporation whose negligence caused the August 27, 2011 accident that resulted in permanent damage to my right shoulder."  [Docket Entry No 73].

On March 16, 2015, Home Depot filed its present Motion to Dismiss Plaintiff's Complaint for failure to engage in discovery.  In a certification in support of the Motion, Home Depot's counsel advised the Court that Dr. Agabiti still had not "supplied responsive discovery to Home Depot's requests, which included Interrogatories, a Notice to Produce, and Request for Admissions," nor, even more critical, had she supplied HIPAA authorizations so that Home Depot could obtain her medical records.  Marasco Cert. ¶33; *see also* Defendant Home Depot U.S.A. Inc.'s Brief in Support of the Motion to Dismiss Plaintiff's Complaint [Docket Entry No. 76-1] ("Home Depot's Brief").

Dr. Agabiti filed opposition to the Motion on or about April 20, 2015.  [Docket Entry No. 77].  Home Depot replied by letter memorandum filed on April 24, 2015.  [Docket Entry No. 78].

## II.    ARGUMENTS OF THE PARTIES

In its moving papers, Home Depot goes through the chronology of this case in detail, noting its efforts to obtain discovery, most notably the medical records of Plaintiff, while at the same time fending off repeated personal attacks upon its attorneys.  Home Depot's Brief at 2–4.  Home Depot also points out the various Court Orders violated by Plaintiff, her recalcitrance in entering into the DCO, and her refusal to provide even the most basic medical information to support her claim.  Home Depot's Brief at 4–7.

Home Depot posits that the discovery sought is appropriate and that, in objecting to production, Plaintiff bears the burden of showing that the information sought is not discoverable. Home Depot's Brief at 9.  Despite entry of a DCO to protect her confidential medical information, Plaintiff has continued to refuse to provide HIPAA authorizations.  Home Depot's Brief at 10.  In light of the allegations in the Amended Complaint as to the injury she suffered, Plaintiff's medical records are critical to Home Depot's defense.  Home Depot's Brief at 8-10.

In her opposition letter memorandum ("Dr. Agabiti Opposition"), Dr. Agabiti again contends that Home Depot's attorneys have engaged in fraud by producing a "bogus film of an accident trying to use it as the depiction of Cecelia Agabiti's accident of August 27, 2011 at the Home Depot . . . ."  Dr. Agabiti Opposition at 2.  She also notes that her former attorney had possession of her medical records, and again accuses Home Depot of having conducted a secret meeting with her former attorney at which he may or may not have given Home Depot those medical records.  Dr. Agabiti Opposition at 2.  She asserts that she was justified in not signing the HIPAA releases because they contained errors.  Dr. Agabiti Opposition at 3.  Dr. Agabiti says that Home Depot "has continue to dodge responding with appropriate and proper response to Cecelia Agabiti, Plaintiff's discovery questions and cite trade secret reasons."  Dr. Agabiti Opposition at 3.  Finally, she describes the injury she suffered, noting that it has permanently damaged her shoulder.  Dr. Agabiti Opposition at 4.

On reply, Home Depot points out that Dr. Agabiti has failed to rebut any of the violations that form the heart of the Motion, instead resorting to "baseless, false, and defamatory allegations against the undersigned and the law firm of Hill Wallack LLP . . . ."  Home Depot reply letter memorandum at 1 [Docket Entry No. 78") ("Reply").  Even so, Home Depot addresses Dr. Agabiti's arguments point by point, first noting in its certification to the Court that the video it produced was authentic and valid.  Reply at 2.  Second, Home Depot denies that it received any

medical records from Dr. Agabiti's former counsel, nor would it obtain any documents from that counsel without Plaintiff's permission.  Reply at 2.  Furthermore, the medical authorizations were HIPAA-compliant and therefore should have been signed and returned.  Reply at 2–3.  Finally, Home Depot asserts that it has complied fully with its own discovery obligations.  Reply at 3.

## III.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders, or otherwise prosecute a case.  *See* FED. R. CIV. P. 37(b)(2), 41(b).  Rule 37(b)(2)(A)(v) expressly provides that if a party fails to provide discovery in compliance with a court order, the court where the action is pending may issue an order for sanctions, including dismissing the action in whole or in part.   The court is also authorized to impose sanctions, including, *inter alia*, dismissal of the case, either on motion or on its own, if a party fails to appear for a scheduled conference or fails to obey a court order.  *See* FED. R. CIV. P. 16(f)(1).

In determining whether to impose dismissal as a sanction for discovery violations, courts in the Third Circuit consider the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds that the *Poulis* factors have been met, it may dismiss an action pursuant to its inherent powers and FED. R. CIV. P. 41(b).  *See Iseley v. Bitner,*

11

216 Fed App'x 252, 254–55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

## IV.   ANALYSIS

### A.   Whether a Sanction is Appropriate

Prior to sanctioning a party, the Court must identify whether a violation has indeed occurred.  In the instant matter, it is apparent that Dr. Agabiti has repeatedly violated the Orders of this Court.  In some instances, her violations are significant; in others, her failure to comply is minor, but taken all together, these actions and inactions paint a picture of someone who is seeking relief from the Court, while steadfastly refusing to be bound by any of the rules that govern the judicial process.  In considering whether sanctions are appropriate, the undersigned therefore looks to the entirety of the history of this case.

### 1.   Responses to Defendant's Discovery Requests

Home Depot has pointed to Dr. Agabiti's repeated refusal to respond to discovery focused on the injury she claims to have suffered as the reason why this case should be dismissed.  The history of efforts of both Home Depot and the Court to compel that production therefore bears retelling.

At the initial conference, Plaintiff was ordered to respond to Home Depot's written discovery requests within 30 days of service.  January 9 Order.  Home Depot served its written requests on Dr. Agabiti on January 9, 2014, including requests for HIPAA authorizations and a demand for Medicare information.  Marasco Cert. ¶7 and Exhibit K.  Although Dr. Agabiti was required to respond within 30 days, she did not do so.  Marasco Cert. ¶11.  Instead, the undersigned addressed the responses once again during a March 4, 2014 conference.  Plaintiff insisted she was not receiving Medicare so the request for that information was improper.  Home

Depot advised that these were standard requests and necessary to comply with the Medicare laws. Dr. Agabiti was instructed to simply respond by indicating that she was not receiving assistance from Medicare.  She was also told that her answers needed to be certified rather than in letter form; the undersigned expressly told her that she must respond to the requests.  She was given until March 18, 2014 to do so.  March 6, 2014 Order [Docket Entry No. 30]; Marasco Cert. ¶12.

Home Depot wrote to the Court on March 28, 2014, advising that Dr. Agabiti still had not responded to the requests and seeking leave to file a motion to dismiss for failure to provide discovery.  Marasco Cert. ¶14 and Exhibit K.  Plaintiff waited until April 14, 2014, two days before the next conference with the Court, to serve responses.  Marasco Cert. ¶16 and Exhibit L. Those responses did not, however, address the specific requests, nor did they include the medical authorizations or other information related to her injury that Home Depot sought.  Home Depot therefore sent a detailed deficiency letter to Dr. Agabiti on May 23, 2014.  Marasco Cert. ¶18 and Exhibit N.  In the letter, Home Depot referenced Dr. Agabiti's May 15, 2014 letter to the Court in which she voiced her continued refusal to provide medical records because of what she believed were secretive meetings between Hill Wallack and Dr. Agabiti's former attorney.  *Id.*; May 15 Letter [Docket Entry No. 49].  The Court convened a conference on July 17, 2014, at which time the undersigned gave leave for the parties to file motions, which they did.  *See* Order dated July 7, 2014, granting leave to file discovery and/or sanctions motions [Docket Entry No. 54]; Plaintiff's Motion to File Indictable Charges against Hill Wallack [Docket Entry No. 55]; Defendant's Motion to Bar Plaintiff from Filing Defamatory and/or Harassing Communications [Docket Entry No. 56]; Defendant's Motion to Dismiss Plaintiff's Complaint or in the Alternative, Compel Plaintiff's Discovery [Docket Entry No. 57].  As noted earlier, Judge Pisano granted Home Depot's motion to dismiss and denied the other two motions as moot, but gave Plaintiff leave to amend, which she did.  [Docket Entry Nos. 59, 60, 61].

13

After the case was reinstated, Home Depot asked for leave to re-file the motion to dismiss for failure to provide discovery, given that Dr. Agabiti still had not responded to the outstanding requests.  Marasco Cert. ¶20 and Exhibit P.  The undersigned conducted an in-person conference on December 18, 2014, at which the parties were given a last chance to complete the outstanding discovery.  Accordingly, a schedule was set for the parties to serve each other with discovery deficiency notices by no later than January 9, 2015.  December 23 Order [Docket Entry No. 72]. Each party was expressly ordered to respond to the other side's letter by not later than January 30, 2015.  *Id*.  This schedule was set with Dr. Agabiti's participation.

Home Depot therefore sent a letter to Dr. Agabiti on January 5, 2015 (the "January 5 Letter").  Marasco Cert. ¶30 and Exhibit V.  As with Home Depot's previous deficiency letter to Dr. Agabiti, the January 5 Letter specifically detailed what Home Depot was expecting from Dr. Agabiti, most notably information with regard to the injuries she said she had suffered as a result of the August 27, 2011 incident, as well as HIPAA authorizations so that her related medical records could be obtained.  As of the filing of the present Motion, that information still had not been supplied, in direct violation of the December 23 Order.

### 2.    Adherence to Orders

Even aside from her non-compliance with the various Orders requiring Plaintiff to engage in discovery and meet certain deadlines, Plaintiff has shown herself unwilling to engage in the court process.  When first ordered to meet and confer to prepare a joint discovery plan in anticipation of the initial conference, Dr. Agabiti wrote to the Court requesting that the order be rescinded, and that counsel for Home Depot be removed from the case and sanctioned.  October 1 Letter.  Essentially she was asking the Court to be relieved from her obligations to adhere to the Rules as plaintiff in this case.

Dr. Agabiti refused to be bound by Court Orders in other ways as well.  After Dr. Agabiti filed the Amended Complaint and the case was reopened, the undersigned issued a text order on October 23, 2014, scheduling a telephone conference to take place on November 12, 2014 at 12 p.m., so that a schedule could be set for the completion of discovery.  Although the Clerk's Office sent notice to Dr. Agabiti, she did not appear for the call nor did she otherwise contact the Court to seek to adjourn the conference.

Because of Dr. Agabiti's *pro se* status, and out of concern that she may not have received notice of the conference, the undersigned issued a letter order dated November 13, 2014 (the "November 13 Letter Order") [Docket Entry No. 65], rescheduling the conference to take place on December 4, 2014.  The November 13 Letter Order specifically cautioned that the failure to appear for future conferences could lead to the imposition of sanctions, including dismissal of the case.  It was sent to Dr. Agabiti via registered mail by the Clerk's Office [Docket Entry No. 65-1] and was signed for as received.  [Docket Entry No. 66].

There is no question that Dr. Agabiti received notice of the December 4 conference.  In fact, on December 3, 2014, she wrote to the Court refusing to participate in the conference (the "December 3 Letter").  [Docket Entry No. 67].  She voiced her objection to conferences in general, saying they are not productive, and pointed out that the case is not about case management but rather is a lawsuit and should proceed as a lawsuit.  Again, she asked that Home Depot's attorneys be indicted.  Upon receipt of the December 3 Letter, the undersigned immediately issued a letter order dated December 3, 2014 [Docket Entry No. 68], reminding Plaintiff that "attendance at Court-ordered conferences is not discretionary" and that she risked sanctions if she failed to appear.   Dr. Agabiti did not appear for the December 4 conference.

On December 9, 2014, the undersigned issued an Order to Show Cause why the Complaint should not be dismissed due to Plaintiff's failure to comply with Court Orders.

15

[Docket Entry No. 69].  The Order to Show Cause was returnable December 18, 2014.  Dr. Agabiti appeared on that date, and the Court conducted a conference at which the status of discovery was addressed.

### 3.    Cooperation in Preparation and Filing of the DCO

When the initial conference took place on January 2, 2014, the parties were instructed to work out the terms of and execute a discovery confidentiality order.  A schedule was set for the DCO to be circulated and submitted, or for any objections to be raised.  *See* January 9 Order. Although Home Depot timely sent a proposed form to Dr. Agabiti, Dr. Agabiti neither signed the DCO nor did she respond to Home Depot's counsel or advise the Court of any objections within the timeframe set, despite having been present when the schedule was set and having been ordered to do so.

During the subsequent conference conducted on March 4, 2014, Dr. Agabiti stated that she would not sign the DCO, claiming that Home Depot's attorneys' statements were false, as were the witness statements she had received.  Even when it was explained to her that the DCO would be to her benefit because it would protect her medical information, she refused.  Ultimately, the undersigned instructed defense counsel to submit the DCO for the Court's execution and entry on the docket without Plaintiff's cooperation or consent.

### 4.    Service of Plaintiff's Discovery Requests

During the initial conference the undersigned set a staggered schedule for the service of discovery requests and responses, in light of Plaintiff's *pro se* status, so that she could see what the requests looked like and have a model in preparing her own.  Plaintiff was ordered to serve any written discovery requests on Home Depot by January 17, 2014.  January 9 Order.  At Plaintiff's request, this date was extended to January 20, 2014 [Docket Entry Nos. 20, 21]; even

then, she did not serve requests until February 6, 2014.  Marasco Cert. ¶10.  Home Depot responded to her discovery requests on March 18, 2014.  Marasco Cert. ¶13 and Exhibit K.

Instead of following the Court's instruction at the December 18 Conference, by serving her own deficiency letter by January 9, 2015 and responding to Home Depot's letter by January 30, *see* December 23 Order, Dr. Agabiti served additional discovery requests on January 28, 2015, out of time and without leave.  Marasco Cert. ¶32.

### 5.      Conclusion as to Sanctions

The undersigned recognizes Dr. Agabiti's *pro se* status, and has given her repeated opportunities to meet her obligations, extending deadlines again and again, rescheduling hearings, and giving her opportunity after opportunity to air her various grievances.  At every step, however, she has resisted engaging in discovery, refusing to provide medical records or releases related to the injury that is at the heart of her claim.  She has willfully refused to attend conferences, despite acknowledging that she was aware of them.  She has also refused to participate in coordination of the joint discovery plan or the discovery confidentiality order, even when directly ordered to do so.  She has insisted that the case is not about case management but rather about her lawsuit, while refusing to do what is required of her to proceed in her lawsuit.  Instead, she has repeatedly tried to reduce this case to a series of unsupported assaults on Home Depot and its attorneys.

While any one of these failures might alone be insufficient to justify the imposition of sanctions, when taken as a whole, the unavoidable conclusion from these circumstances is that Plaintiff has no intention of meeting her obligations in this case.  The undersigned therefore finds that sanctions should be levied against Plaintiff.  The question, then, is whether the dismissal sought by Home Depot is the appropriate sanction.

**B.     Whether the Case Should be Dismissed as a Sanction**

Home Depot asks the Court to dismiss the Amended Complaint in its entirety as a result of Dr. Agabiti's failure to provide discovery or comply with various Court Orders.  In considering whether dismissal is appropriate, the Court looks to the six factors set forth by the Third Circuit in *Poulis*.  Each factor is considered in turn.

As to the first *Poulis* factor, the extent of the party's own responsibility for the failures that form the bases for the motion for sanctions, there can be no question that a *pro se* party is solely responsible for the progress and delays in his case.  *See Stezzi v. Citizens Bank of PA*, 542 F. App'x 124, 126 (3d Cir. 2013) *cert. denied sub nom. Stezzi v. Citizens Bank of Pennsylvania*, 134 S. Ct. 1944, 188 L. Ed. 2d 967 (2014); *Muhammad v. Court of Common Pleas*, 532 Fed. App'x 106 (3d Cir. 2013) (per curiam) (citing *Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008)).  Although Dr. Agabiti was initially represented by counsel, that representation ended before she filed her Complaint, and she has appeared *pro se* throughout this proceeding.  During the Initial Conference on January 2, 2014, the undersigned stressed to Dr. Agabiti that as a *pro se* party, she was charged with familiarizing herself with the Rules and that it would be incumbent upon her to meet her obligations.  Accordingly, the undersigned believes that Dr. Agabiti is solely responsible for her actions in this matter, and recommends a finding that this factor weighs in favor of dismissal of the case.

The second *Poulis* factor is prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.  "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy" can be sufficiently prejudicial.  *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (citing *Curtis T. Bedwell and Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 693–94 (3d Cir. 1988)) (finding sufficient prejudice to a defendant forced to file a motions to compel and to preclude evidence at trial, and whose ability

18

to prepare a full and complete defense was also impeded).  Since initiating this action, Plaintiff

has sought to move this case forward but only on her own terms.  This is evident in her failure to

engage in the discovery process in any meaningful manner and her frequent violation of Court

Orders.  This misconduct has prejudiced Home Depot by inhibiting its ability to defend against

this action, which satisfies the second *Poulis* factor and therefore weighs in favor of dismissal of

this matter.  *See, e.g., Payamps v. Huan Le*, Civ. Act. No. 12-7021, 2013 WL 6326379, at *3

(D.N.J. Dec. 4, 2013) (citations omitted).

      The third *Poulis* factor is a history of dilatoriness.  "The district courts cannot, and should

not, tolerate unjustifiable delay and the expenditure of irreplaceable judicial resources caused by

litigants, *pro-se* or represented, who will not obey court orders."  *Mindek*, 964 F.2d at 1375.

Extensive or repeated delay or delinquency, such as by consistent non-responsiveness to

interrogatories or consistent tardiness in complying with court orders, constitutes a history of

dilatoriness.  *Adams v. Trustees. of the N.J. Brewery Emps. Pension Trust Fund*, 29 F.3d 863, 874

(3d Cir. 1994) (citing *Poulis*, 747 F.3d at 868).  The record makes clear that although the initial

conference was conducted in January 2014, Plaintiff still has not provided even the most basic

information about her injuries.  She has delayed this matter by refusing to adhere to schedules,

participate in conferences, or cooperate in the preparation of joint documents.  The undersigned

recommends a finding that Plaintiff's history of dilatoriness here weighs in favor of dismissal.

      The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was

willful or in bad faith.  Although there is no evidence that Plaintiff has litigated this matter in bad

faith, the evidence supports a finding that Plaintiff's conduct has been willful.  As detailed above,

Plaintiff has disregarded Orders and deadlines of which she was undoubtedly aware.  The

systematic neglect by Plaintiff supports a finding of willfulness.  *See Payamps*, 2013 WL

6326379, at *4.  The undersigned therefore recommends a finding that the fourth *Poulis* factor supports the dismissal of this matter with prejudice.

In considering the fifth *Poulis* factor, the effectiveness of sanctions other than dismissal, the undersigned has carefully considered the entirety of the record, including Dr. Agabiti's refusal to be governed by this Court's Orders.  Plaintiff's history of unresponsiveness by itself suggests that alternative sanctions would not be effective.  *See Muhammad*, 532 Fed. App'x at 108; *Jackson Hewitt Inc. v. Larson & Savage, Inc.*, Civ. Act. No. 13-403, 2014 WL 4384535, at *3 (D.N.J. Sept. 2, 2014) (non-participation sufficient indication that alternative sanctions would be futile).  In addition, Dr. Agabiti has been warned on numerous occasions that her failure to comply with Court rules and Orders could lead to dismissal of her case.  On the facts presented here, the undersigned respectfully recommends finding that no lesser sanction would be effective.

In light of the stage of proceedings, and with discovery not completed, the Court is unable to determine the meritoriousness of Plaintiff's claims.  Accordingly, the Court finds the sixth and final *Poulis* factor to be neutral.

## V.    CONCLUSION

Under these circumstances, the undersigned concludes that dismissal of Plaintiff's claims with prejudice is warranted.  Plaintiff voluntarily filed this case.  After doing so, she essentially failed to take any steps towards advancing this matter towards a disposition on its merits. Plaintiff has disobeyed this Court's Orders, ignored the schedules, failed to provide discovery, and repeatedly tried to deflect the focus from her injury-related claims to those against Home Depot's attorneys, who are not defendants in this case.  Plaintiff's actions in this regard demonstrate a pattern of non-compliance with her obligations under the Federal Rules of Civil Procedure and this Court's Orders, as well as an utter disregard for the burdens imposed upon

Defendant and the Court.  As a result, the undersigned respectfully recommends that this matter be dismissed with prejudice.

The Court having considered this matter pursuant to L. Civ. R. 78.1(b) and having given consideration to the *Poulis* factors;

**IT IS** on this **20th** day of **October, 2015**,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk's Office shall terminate Home Depot's Motion to Dismiss at Docket Entry No. 76.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have fourteen days from the date of this Report and Recommendation to file and serve objections to the proposed findings and recommendations.

**LOIS H. GOODMAN**
**United States Magistrate Judge**