NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CECELIA AGABITI,<br><br>     Plaintiff,<br><br>v.<br><br>HOME DEPOT CORPORATION, *et al.*,<br><br>     Defendants. | Civ. No. 13-4499<br><br><br>OPINION |

THOMPSON, U.S.D.J.

INTRODUCTION

  This matter comes before the Court by way of Plaintiff Cecelia Agabiti's response to Magistrate Judge Lois H. Goodman's Report and Recommendation dated October 20, 2015, in which Judge Goodman recommended that this Court dismiss Plaintiff's Complaint with prejudice. (ECF No. 81). This Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth herein, Judge Goodman's Report and Recommendation is adopted and Plaintiff's Complaint is dismissed with prejudice.

BACKGROUND

  Plaintiff filed her Complaint pro se in the Superior Court of New Jersey. (ECF No. 1-3). She alleged that she visited a Home Depot store in Hamilton, NJ, where a stranger hit her with a flat-bed shopping cart and seriously injured her right shoulder. (*Id.* at 2-3). After informing Home Depot Corporation ("Defendant") that she believed her damages would be "in the millions," Defendant removed the action to federal court. (ECF No. 1-2).

1

Magistrate Judge Lois H. Goodman began handling this case in August 2013. (ECF No. 4). According to Judge Goodman, throughout the entire case, Plaintiff has "refused even basic discovery." (Report and Recommendation 2, ECF No. 81). Plaintiff has not adhered to discovery orders or schedules, even when those schedules were set with Plaintiff's input. (*Id.*). Judge Goodman outlines Plaintiff's behavior in detail in her Report and Recommendation. Some of Plaintiff's actions include:

- Refusing to appear for her deposition with Defendant's attorneys (ECF No. 13);

- Repeatedly refusing to respond to discovery requests, including refusing to provide Defendant with her relevant medical records (ECF Nos. 40, 49);

- Failing to participate in conference calls scheduled by Judge Goodman, calling the conferences "unproductive" (ECF No. 67);

- Ignoring Judge Goodman's repeated warnings of sanctions, up to and including dismissal, if Plaintiff failed to appear at court-scheduled conferences (ECF Nos. 65, 68);

- Accusing Defendant's attorneys of creating a "bogus" video of the incident where Plaintiff was injured (ECF No. 50); and

- Writing Chief Judge Simandle to accuse Defendant's attorneys of fraud and to ask that they be disbarred, and that Judge Goodman be removed from her case (ECF No. 79).

On March 16, 2015, Defendant sought an order dismissing the Complaint for failure to provide discovery. (ECF No. 76). Plaintiff opposed Defendant's motion. (ECF No. 77). Judge Goodman considered the motion on the papers pursuant to Rule 78 of the Federal Rules of Civil Procedure and wrote a Report and Recommendation. (ECF No. 81). Plaintiff responded with a letter challenging the accuracy of the Judge Goodman's Report. (ECF No. 82). This Court now reviews Judge Goodman's Report and Recommendation.

LEGAL STANDARDS

**I. Standard of Review for a Report and Recommendation**

When a magistrate judge addresses motions that are considered dispositive, the magistrate judge submits a Report and Recommendation to a district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). For dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report and Recommendation to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2).

**II. When Sanctions are Appropriate**

Federal Rule of Civil Procedure 37(b)(2) authorizes courts to sanction a party's failure to comply with discovery orders. Many sanctions are available under the rule, including dismissal of the entire action. Fed. R. Civ. P. 37(b)(2)(A)(v). A court may impose sanctions upon a motion or on its own when a party fails to appear at a pretrial conference, does not adequately prepare or participate in pretrial conferences in good faith, or when a party fails to obey a pretrial order. Fed. R. Civ. P. 16(f)(1).

**III. When Dismissal is an Appropriate Sanction**

Dismissal is a "drastic" discovery sanction. *Poulis v. State Farm Casualty Co.*, 747 F.2d 863, 867 (3d Cir. 1984). Dismissal may be used as a sanction in the Third Circuit only after considering the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and

>respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. Not all factors need to be satisfied for dismissal to be appropriate; courts should instead carefully weigh the different factors and make their decisions based on a balance of the six factors. *See Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).

## DISCUSSION

Plaintiff's actions clearly justify the imposition of sanctions under Rules 16 and 37. She failed to comply with multiple discovery orders and failed to appear at multiple conferences, declaring them "unproductive." (ECF Nos. 40, 49, 67, 68; *see also* Report and Recommendation 12-17, ECF No. 81). Judge Goodman gave Plaintiff multiple extensions and a staggered discovery schedule in light of her pro se status, but Plaintiff consistently showed that she had "no intention of meeting her obligations in this case." (Report and Recommendation 17, ECF No. 81; *see also* ECF Nos. 17, 19, 30). While Plaintiff generally challenges the accuracy of Judge Goodman's Report, and accuses her of favoring Defendant's lawyers and engaging in ex parte communications with them, Plaintiff does not challenge any specific facts or conclusions in Judge Goodman's Report. (ECF No. 82). However, since dismissal is a "drastic" sanction, this Court will carefully apply the six *Poulis* factors to determine if dismissal is justified.

**I. The Extent of the Party's Personal Responsibility**

Pro se plaintiffs are solely responsible for the progress of their cases. *Pik v. Univ. of Pennsylvania*, 457 F. App'x 122, 125 (3d Cir. 2012). Represented plaintiffs may unwittingly hire incapable lawyers who fail to attend conferences and obey court orders, and such failures

should not necessarily be held against the plaintiffs themselves.  *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008).  There is no ambiguity about who is responsible for such failures when a plaintiff proceeds pro se.  Nevertheless, the Third Circuit cautions courts against holding pro se plaintiffs personally responsible for their failures without giving them a chance to explain their actions.  *Id.* at 259 (determining that a district court should have given a pro se plaintiff a chance to explain his failure to attend a conference before holding the first *Poulis* factor against him).

Unlike the plaintiff in *Briscoe*, who was a state prisoner, Plaintiff had ready access to the courts, and communicated the reasons for her failures.  She explained in one letter that she was "refusing to provide Hill Wallack lawyers my medical records" because she believed the lawyers were abusing the discovery process and had a "secretive meeting" with Plaintiff's former attorney.  (ECF No. 49).  She requested one teleconference be cancelled because "this case isn't about telephone conferences initiated by unscrupulous lawyers who really need to be indicted on criminal charges."  (ECF No. 67).  Plaintiff announced her intention to not participate in that same call because her case "isn't about case management either; it's about a lawsuit . . . This lawsuit needs to proceed as such, a lawsuit." (*Id.*).  Plaintiff in fact did not attend that call, despite having also missed the previous conference call, and Judge Goodman's having warned her of the risk of sanctions if she did not participate.  (ECF No. 68).  Plaintiff continued to willfully interfere with Judge Goodman's attempts to manage discovery.  She wrote a letter to District Judge Joel A. Pisano (then assigned to the case) stating "Judge Goodman wants to manage this case.  That's unacceptable."  (ECF No. 73).  Plaintiff's own explanations of her actions and motivations show that she was fully responsible for her conduct in this case. Therefore, the first *Poulis* factor weighs in favor of dismissal.

5

**II. The Prejudice to the Adversary Caused by the Failure to Meet Scheduling Orders and Respond to Discovery**

It is prejudicial for a plaintiff to impede a defendant's ability to effectively prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). The second *Poulis* factor weighs in favor of dismissal when a party suffers "irreparable harm," or is simply deprived of necessary information, or has to spend time and money pursuing court orders to force the other party to provide necessary information. *Briscoe*, 538 F.3d at 259; *Ware*, 322 F.3d at 222.

Plaintiff significantly impeded Defendant's ability to prepare for trial. To this date, Plaintiff has not provided Defendant with even basic information about her injury. (Report and Recommendation 19, ECF No. 81). She has not allowed access to her medical records, or supplied responsive discovery to Defendant's requests, such as interrogatories. (Certification of Suzanne M. Marasco 7, ECF No. 76-2). Plaintiff has also refused to sit for a deposition. (ECF No. 13). It is virtually impossible for Defendant to prepare its defense under these circumstances. Therefore, the second *Poulis* factor weighs in favor of dismissal.

**III. A History of Dilatoriness**

The third *Poulis* factor weighs in favor of dismissal when there has been a "continuous stream of dilatory conduct." *Briscoe*, 538 F.3d at 261. One or two instances of late conduct is insufficient to weigh against a party. *Id.* Courts instead look for a "pattern" of lateness, or a history of a party ignoring the court's time limits. *Poulis*, 747 F.2d at 868.

Plaintiff's behavior in this case can fairly be characterized as a "continuous stream of dilatory conduct." After the parties' initial conference with Judge Goodman, a pretrial scheduling order set deadlines for when the parties must serve discovery requests on one another, and when they must respond to discovery requests. (ECF No. 19). Plaintiff's deadline for

serving requests was set a week later than Defendant's deadline.  (*Id.*)  The day before her deadline, Plaintiff asked for an extension.  (ECF No. 20).  The extension was granted.  (ECF No. 21).  Nevertheless, Plaintiff served her discovery requests late.  (ECF No. 23).  Plaintiff also failed to respond to Defendant's requests on time, requiring Judge Goodman to issue an amended pretrial scheduling order with new deadlines.  (ECF No. 30).  Plaintiff submitted her responses almost a month after the new deadline in the amended order.  (ECF No. 76-3).  Plaintiff then went on to skip two scheduling conferences in November and December 2014, pushing the timeline of the case back further.  (ECF No. 68).  After more deadlines were set in another pretrial scheduling order dated December 23, 2014, Plaintiff served Defendant with additional discovery requests after the latest deadline had passed.  (ECF Nos. 72, 75).  These actions constitute a history of dilatoriness weighing in favor of dismissal.

**IV. Whether the Conduct of the Party or the Attorney was Willful or in Bad Faith**

A party's conduct is willful when it is intentional or self-serving.  *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994).  If a party's improper conduct is unexplained, courts should not automatically assume such conduct was willful.  *Briscoe*, 538 F.3d at 262.  Conduct that is simply negligent or inadvertent should not weigh in favor of dismissal under the *Poulis* test.  *Poulis*, 747 F.2d at 868-69.

Judge Goodman did not find that Plaintiff acted in bad faith.  (Report and Recommendation 19, ECF No. 81).  Occasionally Plaintiff unintentionally delayed proceedings, such as missing a scheduled conference in February 2014 due to acute bronchitis.  (ECF No. 27).  Such instances do not weigh against Plaintiff, and they are accordingly not mentioned in Judge Goodman's Report and Recommendation.  However, in most instances, Plaintiff's conduct was willful.  When she missed two later conferences in 2014, she informed the Court she would not

be attending, as she found the conferences "unproductive." (ECF No. 67). When she declined to appear for her deposition, she told Defendant's attorney "that [the deposition] won't be occurring. Instead via this letter I'm submitting a copy of my statement . . ." (ECF No. 13). Plaintiff deliberately decided to act according to her own sense of how her case should progress, regardless of Judge Goodman's orders. This attitude is apparent in Plaintiff's January 9, 2015 letter to Judge Pisano, where she wrote that Judge Goodman's attempts to manage the case were "unacceptable" and that her case "has to proceed as a lawsuit instead of a case management matter." (ECF No. 73). This type of language shows that Plaintiff was acting willfully, and therefore the fourth *Poulis* factor weighs in favor of dismissal.

**V. The Effectiveness of Sanctions Other Than Dismissal**

Before dismissing a case as a sanction, courts must consider how effective other lesser sanctions may be. *Poulis*, 747 F.2d at 869. It is often preferable to sanction attorneys by forcing them to pay for excess costs generated by their improper behavior, rather than dismissing a party's case. *Id.* When a party proceeds pro se, a court's options are more limited. A court should consider how responsive a party has been to previous warnings and orders, in order to decide whether alternative sanctions may cure the party's behavior going forward. *Muhammad v. Court of Common Pleas of Allegheny Cnty., Pa.*, 532 F. App'x 106, 108 (3d Cir. 2013).

Plaintiff was warned multiple times that she risked sanctions, including dismissal, by not participating in court-scheduled conferences. (ECF No. 68). Such warnings did not make her participate in conferences, nor cooperate in advancing discovery. (Report and Recommendation 8-9, ECF No. 81). Given this history, it is hard to imagine what type of sanction would change Plaintiff's behavior. She does not appear willing to proceed normally, as she has asked that Judge Goodman be removed for attempting to manage her case and allowing "the outrageous,

unethical, illegal conduct of [Defendant's] attorneys." (ECF No. 79). Given Plaintiff's apparent rejection of the normal discovery process, the fifth *Poulis* factor weighs in favor of dismissal.

## VI. The Meritoriousness of the Claim or Defense

If a party's claim or defense has merit, the sixth *Poulis* factor will weigh against dismissal. *Briscoe*, 538 F.3d at 263. Plaintiff's Complaint was previously dismissed for failure to state a claim upon which relief could be granted, (ECF No. 59), but she was given leave to amend and did so, (ECF No. 61). Plaintiff's Amended Complaint, construed liberally, appears to allege the basic elements of a negligence claim (duty, breach, proximate cause, and damages). *Weinberg v. Dinger*, 524 A.2d 366, 373 (N.J. 1987). Therefore, the sixth *Poulis* factor weighs weakly against dismissal.

## CONCLUSION

*Poulis* does not provide a "magic formula" or "mechanical calculation" for determining when dismissal is appropriate. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Rather, the decision must be made in the context of the court's history with the litigant. *Id.* In light of all of Judge Goodman's previous dealings with Plaintiff over the past two years, and the fact that five of the six *Poulis* factors weigh in favor of dismissal, Plaintiff should be sanctioned by dismissing her Complaint.

For the foregoing reasons, Judge Goodman's Report and Recommendation is adopted and Plaintiff's Complaint is dismissed with prejudice. An order consistent with this opinion will follow.

                                                                  /s/ Anne E. Thompson
                                                                  ANNE E. THOMPSON, U.S.D.J.